LEO KAPPERTZ, APPELLANT, v. THE JERSEYMAN, A COR-
PORATION, RESPONDENT.

Submitted March 26, 1923—Decided June 18, 1923.

1. K., a repairer of machinery, was sent for to make adjustments
   upon a printing press of the J., a corporation publishing a news-
   paper. In the press room was a trap door leading to a base-
   ment through which rolls of paper were hoisted from the base-
   ment for use in the presses and through which accumulations of
   paper in the press room were swept into the basement. K.
   entered the press room and after making some adjustments upon
   the press directed that a new roll of paper be inserted in the
   press. The roll was hoisted through the trap door. K. closed
   the door, and after the roll of paper was inserted, stooped down
   with his back to the door, adjusted the roll, and was in the act
   of unwinding the paper in order that it might work evenly, when
   he stepped backward and fell through the trap door, which had
   been in the meantime opened, without the knowledge of K., by an
   employe of J., and was injured. *Held*, error in an action for
   damages by K., against J., for the trial court upon the facts
   above stated to have nonsuited K.'s action on the ground of the
   contributory negligence of K.
2. One who invites another upon his premises owes the invitee a
   duty not only to exercise ordinary care to render the premises
   reasonably safe for the purposes for which the invitee entered
   upon the premises, but to abstain from any act which may make
   the invitee's use of the premises dangerous.
3. One who carries on an independent business and contracts to do
   a piece of work according to his own methods, and without being
   subject to the control of his employers as to the means by which
   the result is to be accomplished, but only as to the result of the
   work, is an independent contractor.

On appeal from the Supreme Court.

For the appellant, *Elmer W. Romine.*

For the respondent, *Charles A. Rathbun.*

The opinion of the court was delivered by

KATZENBACH, J.   This is an appeal by the plaintiff below
from a judgement of nonsuit entered in the Supreme Court

after a trial held at the Morris Circuit. The action was one to recover damages for personal injuries. The plaintiff, Leo Kappertz, was engaged in the business of welding and repairing machinery. His business was conducted at 95 Washington street, in the town of Morristown. The defendant was The Jerseyman, a corporation, publishing in Morristown a daily newspaper known as "The Jerseyman." The plant of The Jerseyman was located upon the same street as the plaintiff's place of business. During the months of May and June, 1921, there were frequent breakdowns in the machinery of the printing plant of The Jerseyman. The plaintiff was called upon by the manager from time to time to make repairs. In some instances parts of the presses would be taken by the plaintiff to his shop for repairs. On other occasions the plaintiff would repair the machinery at the plant of the defendant. On June 6th, 1921, the plaintiff was called to the newspaper plant by the manager. There had been during the day frequent breakdowns of the presses and the paper was not operating properly through the presses. The plaintiff made some adjustments of the machinery of a press. He then found that the roll of paper being used was of poor quality and advised a new roll of paper be inserted in the press, in order to enable him to better test the machinery. Back of the presses was a trap door through which were hoisted from the basement the rolls of paper used in the presses. The trap door was also used for the purpose of disposing of the excess paper accumulating upon the floor of the press room. The plaintiff caused to be hoisted through the trap door a heavy roll of paper. He then closed the trap door. The roll of paper rested at first on the door and was then set in position in a press. The plaintiff stooped down with his back to the trap door, adjusted the roll, and was in the act of unwinding the paper in order that it might work evenly when he stepped backward and fell through the trap door, which had in the meantime been opened by an employe of the defendant who was throwing papers down the hatchway. The distance from the trap door to the basement below was approximately twelve feet. The injuries of the plaintiff

were serious and permanent. Upon these facts the trial court nonsuited the plaintiff, holding that he was guilty of contributory negligence, as he knew the trap door was there, the purposes for which it was used, and was supposed to know that the door might be opened while he was in a stooping position with his back to it, although not knowing as a fact that the door was opened. This appeal brings before the court the propriety of this ruling.

The plaintiff was upon the premises of the defendant by its express invitation. He was not a trespasser or a mere. licensee. The defendant owed the plaintiff a duty not only to exercise ordinary care to render the premises reasonably safe for the purposes for which he entered, but to abstain from any act which might make the plaintiff's use of the premises dangerous. This principle of law was first clearly stated by the late Chief Justice Depue in the case of *Phillips* v. *Library Company*, 55 *N. J. L.* 307. It has been restated in this court and the Supreme Court since then in numerous decisions, as for example, *Nolan* v. *Bridgeton and Millville Traction Co.*, 74 *Id.* 559; *Sefler* v. *Vanderbeek and Sons*, 88 *Id.* 636; *Higgins* v. *Goerke-Krich Co.*, 91 *Id.* 464; *Cooper* v. *Reinhardt, Id.* 402; *Carey* v. *Gray et al., ante* p. 217.

To justify the nonsuit it must be said that Kappertz, as a matter of law, was guilty of negligence in stepping backward on a place which a few minutes before he had made safe by closing the trap door and which had in the meantime been made unsafe by a servant of the defendant opening the door without the knowledge of Kappertz. The act of the defendant's servant was a violation of the defendant's duty to abstain from any act which would make the use of the premises dangerous. Kappertz had in law the right to assume that as he was engaged in his work with his back to the trap door that the place in which he was working which he had made safe would not be made unsafe by the act of the defendant's servant in opening the trap door. For Kappertz to have acted as he did in stepping backward without looking, was not, in our opinion, conclusive evidence that he

was not at the time exercising reasonable care for his safety. As to whether he was acting with reasonable care or not was a question upon which the minds of fair minded men might differ, and as was said by Justice Trenchard in the case of *Nolan* v. *Bridgeton and Millville Traction Co., supra,* "when fair minded men might honestly differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury."

In the case of *McCormick* v. *Anistaki,* 66 *N. J. L.* 211, the plaintiff occupied rooms in an adjoining building to that occupied by the defendant and used a hallway in the rear of defendant's premises as a means of access to his rooms. In the hallway a hatchway was constructed which was opened at times and used for hoisting articles from the cellar. The plaintiff knew this, yet in going one day to his rooms he opened the outside door, entered the hallway, and walked into the hatchway which was open and in use by the defendant's clerk. At the trial the plaintiff was nonsuited on the ground of contributory negligence. This court reversed the judgment of nonsuit, saying, "nor was the evidence sufficient to justify the inference, as a matter of law, that the plaintiff was guilty of contributory negligence."

In the case of *Cooper* v. *Reinhardt,* 91 *N. J. L.* 402, the plaintiff entered the defendant's hotel knowing that the steps were covered with snow and ice. Upon leaving some two or three hours later he was injured by falling on the ice-covered steps. In discussing the question of the plaintiff's contributory negligence, the Supreme Court said, "we also think that it cannot be said as a matter of law that the plaintiff was guilty of contributory negligence. The fact that the plaintiff noticed when he entered the defendant's premises that there was snow upon the steps and platform, is not conclusive evidence that he was not in the exercise of reasonable care in attempting to use the steps and platform several hours afterwards."

In the case of *Higgins* v. *Goerke-Krich Co., supra,* the plaintiff was inspecting in the defendant's store, ice boxes. She placed her hand on the upper edge of a box for the pur-

pose of enabling her to inspect the lower compartment when the upper lid fell. The court held that common knowledge and experience would indicate that such conduct was not *ipso facto* negligence on the part of the plaintiff.

There are in the reports of this state cases of similar import, but those referred to are sufficient to show that our highest courts have uniformly held that where there is no conclusive evidence that a plaintiff is not in the exercise of reasonable care, and where the evidence is such that fair minded men may honestly differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, the question of contributory negligence *vel non* is one for a jury. In the present case Kappertz had not left the door open. He knew it was closed when he commenced his work. His task required him to step backward. He did not know the trap door had been opened. He had not created the dangerous condition. It had been created by the defendant. These facts, in our opinion, made the question of Kappertz' contributory negligence one for the decision of the jury. It was error to have nonsuited the plaintiff on this ground.

As this case will probably be retried there is one phase of it to which we feel attention should be directed. The defendant set up in its answer the defence that the plaintiff was an employe of the defendant; that the accident to the plaintiff arose out of and in the course of the plaintiff's employment; that the defendant was only liable for the payment to the plaintiff for the payment of compensation under the Employers' Liability act, and that the present action for this reason could not be maintained by the plaintiff. Upon the conclusion of the plaintiff's case the motion to nonsuit was in part based upon this contention. The trial judge refused to nonsuit on this ground, stating that in his opinion the testimony indicated that the plaintiff was an independent contractor. As this question will doubtless be again presented upon a retrial of the case, we feel that we should say that we think the refusal of the trial judge to nonsuit on this ground was proper. The testimony showed that Kappertz conducted an independent business. His shop

was not a part of or connected with the defendant's plant. He only occasionally made repairs to the presses of the defendant. He was not on the payroll of the defendant. He pursued his own ideas and methods in the doing of the work, engaged his own assistants, made his own charges for the work and rendered bills therefor to the defendant. In the case of *Reisman* v. *Public Service Corporation of New Jersey,* 82 *N. J. L.* 464, this court approved the definition of an independent contractor given in 26 *Cyc.* 1546 in the following words: "An independent contractor is defined to be one who, carrying on an independent business, contracts to do a piece of work according to his own methods and without being subject to the control of his employers as to the means by which the result is to be accomplished, but only as to the result of the work."

The evidence for the plaintiff brought the plaintiff fully within the definition of an independent contractor just quoted. If upon a subsequent trial of the case, this evidence offered by the plaintiff should on this question be substantially the same as at the trial referred to, we are of the opinion that the plaintiff should not be barred of recovering by reason of the defence that he was an employe of the defendant coming under the provisions of the Workmen's Compensation act. In view of the opinion we entertain and have expressed that the trial judge erred in directing that the plaintiff be nonsuited on the ground of his contributory negligence, the judgment of nonsuit will be reversed to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Katzenbach, White, Heppenheimer, Ackerson, Van Buskirk, JJ. 13.